UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLINE MEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1779 HEA |
| | ) |
| LINCOLN INDUSTRIAL | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss, [Doc. No. 8]. Plaintiff has not responded to the motion within the prescribed time period.[1] For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiff's *pro se* Complaint is brought under the provisions of Title VII of the Civil Rights Act of 1964, alleging discrimination and retaliation by defendant "Terry Tenholder (Lincoln Industrial)." Plaintiff claims that "defendant" effectuated the discrimination and retaliation by "using his power taking jobs to retaliate, not equal [distribution of] jobs." The Complaint alleges that the discrimination was with

---

[1] Pursuant to the Court's Local Rules, failure to respond to a motion may be construed as a concession of the merits of the motion.

respect to plaintiff's race and sex. Attached to plaintiff's Complaint is a copy of her Right to Sue Letter and her charge of discrimination which was filed with the EEOC. The Charge was against Lincoln Industrial and was based solely on plaintiff's race.[2] Defendant moves to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## Discussion

## Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of jurisdiction over the sex discrimination allegations because of plaintiff's failure to include in her charge of discrimination allegations of sex discrimination. Rule 12(b)(1) provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a motion prior to answering the complaint filed in any action.

The Eighth Circuit articulated that a "court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990) (citing *Menchaca v.*

---

[2] Plaintiff appears to have originally checked the "sex" box on the Charge of Discrimination, but subsequently scribbled it out. In the particulars of the discrimination section, plaintiff typed that she believed that both her race, African-American, and sex were factors, but again, the word "sex" was scribbled out.

*Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980) and *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). Where a party launches a "facial attack" on federal subject matter jurisdiction under Rule 12(b)(1), the court looks only to the face of the pleadings to determine whether federal subject matter jurisdiction exists and the nonmoving party is entitled to the same protections as it otherwise would receive against a motion brought under Rule 12(b)(6). *Id.* at 729 n. 6 (citing *Menchaca,* 613 F.2d at 511; *Mortensen,* 549 F.2d at 891; and *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982)). That is, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993).

Conversely, when a party launches a "factual attack" on federal subject matter jurisdiction, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id.* at 593 (citing *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)). In a "factual attack," the nonmoving party is not entitled to the benefit of the safeguards that are afforded to a nonmoving party in a motion brought under Rule 12(b)(6). *Osborn,* 918 F.2d at 729 n. 6 (citing *Mortensen,* 549 F.2d at 891). The proper course under these circumstances is for the moving party to request an

evidentiary hearing on the issue of the court's jurisdiction, at which, if necessary, witnesses may testify. *Id.* at 730 (citing *Crawford v. United States,* 796 F.2d 924, 928 (7th Cir.1986)).

In this case, defendant's challenge to the Court's subject matter jurisdiction is solely based on information alleged in the Complaint and the Charge of Discrimination attached thereto. Thus, defendant's attack on federal subject matter jurisdiction is a "facial attack," and the Court will consider only the allegations that are contained in the pleadings and the Charge of Discrimination.

Plaintiff's Complaint alleges race and sex as the bases for the alleged discrimination and retaliation. However, as defendant correctly argues, the Charge of Discrimination shows a conscious decision not to allege sex discrimination, in that all references to sex discrimination have been scribbled out. While the Court does not require that subsequently-filed lawsuits mirror the administrative charges: *See Nichols v. Am. Nat'l Ins. Co.,* 154 F.3d 875, 886 (8th Cir.1998) ("A Title VII plaintiff must file a charge of discrimination with the EEOC before bringing a civil suit, but the scope of the subsequent action is not necessarily limited to the specific allegations in the charge."). However, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v.*

*Stringer,* 850 F.2d 356, 359 (8th Cir.1988) (quoting *Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir.1985)). "Allegations outside the scope of the EEOC charge ... circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir.2000). *Duncan v. Delta Consolidated Industries, Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004).

In this case, it is undisputed that plaintiff did not check the "sex" box on her EEOC complaint form. In fact, she specifically crossed out the "sex" box and the word "sex" in the particulars section. As such, she cannot now raise her sex as a factor in the alleged discrimination.

## **Motion to Dismiss for Failure to State a Claim**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d

897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

Defendants move to dismiss Terry Tenholder as defendant. Although the style of plaintiff's Complaint lists the defendant as Lincoln Industrial Corporation, the Title VII *pro se* form plaintiff completed as her Complaint, plaintiff states that Terry Tenholder is the defendant. Presumably Mr. Tenholder is an employee of Lincoln Industrial and/or a supervisor, in that plaintiff alleges that he used his power to distribute jobs unequally. Defendant is correct in its argument that supervisors may not be held individually liable under Title VII. The Eighth Circuit has now "squarely held that supervisors may not be held individually liable under

Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District,* 121 F.3d 446 (8th Cir.1997), citing *Spencer v. Ripley County State Bank,* 123 F.3d 690, 691 (8th Cir.1997). The Eighth Circuit had earlier so held with respect to individual co-workers other than supervisors. *Smith v. St. Bernards Regional Medical Center,* 19 F.3d 1254, 1255 (8th Cir.1994). Because plaintiff has named an individual supervisors or co-worker within the body of her complaint, rather than the entity which employed her, defendant' motion to dismiss must be granted.

## Conclusion

As discussed above, plaintiff's complaint must be dismissed. Her claims of sex discrimination fail because she did not raise them in her Charge of Discrimination. With respect to the defendant in this matter, the Complaint is dismissed as to Terry Tenholder. Plaintiff, however, should be allowed to amend her Complaint to properly state the defendant and her claims against it.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. No. 8] is granted.

**IT IS FURTHER ORDERED** that plaintiff is given 14 days from the date of this order to file an amended Complaint as in the manner and form as provided herein.

Dated this 6th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE