UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLINE MEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1779 HEA |
| | ) |
| UNITED AUTOMOBILE, AERO- | ) |
| SPACE of AGRICULTURAL | ) |
| IMPLEMENT WORKERS OF | ) |
| AMERICA, UAW LOCAL 691, | ) |
| and LINCOLN INDUSTRIAL | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Letter to the Court, which the Court has construed as a Motion for Reconsideration, pursuant to Rule 59 of the Federal Rules of Civil Procedure, [Doc. No. 55], of the Court's Judgment granted in favor of Defendants and against Plaintiff. On April 25, 2007, the Court granted Defendants' Motions for Summary Judgment. Plaintiff has presented nothing to establish that the Court should reconsider its ruling.

District courts enjoy broad discretion in ruling on motions to reconsider. *See Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir.1993). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no

more than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care v. P.T.--O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)(quoting *Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996)). Motions under Rule 59(e) serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Rule 59(e) motions are not proper vehicles for raising new arguments or legal theories. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Id.* (citations and quotations omitted).

In its Opinion, Memorandum and Order, the Court articulated the basis for finding that there were no disputes as to any material facts with respect to the causes of action brought against these defendants. Plaintiff, in this current motion, reiterates the same arguments she made in opposition to the motion for summary

judgment. Plaintiff has not presented any newly discovered evidence, nor does she point to any mistake as to law or fact. While Plaintiff may feel she is entitled to bring this action, the facts in the record before the Court establish that there are no genuine issues as to any material fact giving rise to a Title VII claim. Title VII affords relief in limited instances where discrimination occurs against protected classes of individuals. Plaintiff, does not fall within any protected class with respect to her claims, and therefore, Plaintiff is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, [Doc. No. 55], is denied.

Dated this 9th day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE